UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROBERT MALEK, in care of M.M.,

                             Plaintiff,                1:21-CV-1230
                                              (BKS/DJS)

       v.

NEW YORK STATE
UNIFIED COURT SYSTEM, et al.,

                         Defendants.

_____

APPEARANCES:                        OF COUNSEL:

ROBERT MALEK
Plaintiff, pro se
East Meadow, NY 11554

HON. LETITIA JAMES                   AMANDA K. KURYLUK, ESQ.
New York State Attorney General     Ass't Attorney General
Attorney for Defendants DiFiore, Poole,
Stanley, Williams, NYS Unified Court System,
NYS Office of Children and Family Services,
The Capitol
Albany, NY 12224

HON. SYLVIA O. HINDS-RADIX        MARK G. TOEWS, ESQ.
New York City Corporation Counsel    Ass't Corporation Counsel
Attorney for Defendants NYC ACS,
Almonte
100 Church Street
New York, NY 10007

VIGORITO, BARKER, PATTERSON,     GREGG D. WEINSTOCK, ESQ.
NICHOLS & PORTER LLP
Attorneys for Defendant Johnson
300 Garden City Plaza, Suite 100
Garden City, NY 11530

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Robert Malek ("Plaintiff") commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against the following individuals and entities: Rosmil Almonte; the Honorable Janet DiFiore; Margaret Ingoglia; Travis Johnson; New York State Office of Children and Family Services ("NYS OCFS"); New York City Administration for Children's Services ("ACS"); New York State Office of the Inspector General; ("NYS OIG"); New York State Unified Court System ("NYS UCS"); Sheila Poole; Beverly Stanley; and the Honorable Jacqueline Williams.  Dkt. No. 1 ("Compl.").[1]  After the completion of service on most of the defendants, the parties filed a series of motions and letter requests, including dispositive motions, which have been fully briefed, and are pending before the Court.  *See* Dkt. Nos. 27, 70, 79.[2]

Presently before the Court is Plaintiff's motion for recusal of the undersigned.  Dkt. No. 130 ("Motion for Recusal").[3]

---

[1]  This action was originally assigned to the Honorable Thomas J. McAvoy.  On February 22, 2022, plaintiff commenced another action in this District.  *See Malek v. New York State Unified Court System et al.*, 1:22-CV-0167 (BKS/DJS) ("*Malek II*"), Dkt. No. 1 (N.D.N.Y filed Feb. 22, 2022).  By Text Order entered on February 28, 2022, Judge McAvoy recused himself from this case and *Malek II*, and the cases were reassigned to the undersigned for all further proceedings. *See* Dkt. No. 9; *Malek II*, Dkt. No. 6.  Thereafter, plaintiff commenced a third action in this District, which was deemed related to this action and therefore also assigned to the undersigned.  *See Malek v. James et al.*, 1:22-CV-0855 (BKS/DJS) ("*Malek III*"), Dkt. No. 5 (N.D.N.Y. Aug. 19, 2022).

[2]  The dispositive motions will be addressed in a separate Decision and Order, in due course.

[3]  The Motion for Recusal was also docketed in *Malek II* and *Malek III*.  *See Malek II*, Dkt. No. 18; *Malek III*, Dkt. No. 6.

## II.    MOTION FOR RECUSAL

### A.    Relevant Legal Standard

A federal judge must disqualify himself or herself in any proceeding where "his [or her] impartiality might reasonably be questioned", "he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(a) and (b)(1);[4] *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.").  In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality.  *See Liteky v. United States*, 510 U.S. 540, 548 (1994).  The ultimate inquiry is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *Hughes v. City of Albany*, 33 F. Supp. 2d 152, 153 (N.D.N.Y. 1999).

"[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (noting that, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited").  The requirement that a judge recuse himself or herself whenever his or her "impartiality might

---

[4] There are other reasons for disqualification not relevant to the present motion.  *See* 28 U.S.C. § 455(b)(2)-(5).

reasonably be questioned" is commonly limited to those circumstances in which the alleged partiality "stem[s] from an extrajudicial source." *Liteky*, 510 U.S. at 544 (quoting *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966)); *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993) ("[T]he source of the appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case." (collecting cases)); *Stantini v. United States*, 268 F. Supp. 2d 168, 179 (E.D.N.Y. 2003) ("It is well settled that a motion for recusal requires a showing of personal bias which is ordinarily based on extra-judicial conduct and not conduct which arises in a judicial context.").

### B.    Analysis

In this case, the alleged partiality does not stem from an extrajudicial source.  Rather, Plaintiff's Motion for Recusal is based on (1) his belief that this Court somehow permitted, without a court order, the Defendants in this case to "unilaterally change the caption of the case" and remove "C/O M.M." when identifying the Plaintiff in their motion papers, (2) his belief that this Court "allowed" the Clerk of Court to docket the order of the named defendants in *Malek III* in a manner different from how these defendants appear in the complaint, (3) his belief that the Court has insulted him by indirectly referring to his filings in this case on one occasion as "piecemeal", (4) rulings issued in this case with which Plaintiff disagrees, (5) a failure to rule on issues which Plaintiff believes should have already been addressed, and (6) the undersigned's prior employment with the United States Attorney's Office for the Northern District of New York.  *See generally*, Motion for Recusal at 4-14.

As an initial matter, this case is a civil action brought by Plaintiff seeking money damages and injunctive relief for alleged violations of his constitutional rights arising out of a

4

family court proceeding in Kings County, New York.  *See generally* Compl.  This action is entirely unrelated to any criminal matters previously handled by the undersigned while working for the United States Attorney's Office for the Northern District of New York.  Thus, there exists no basis for recusal based on personal knowledge of disputed evidentiary facts, and the undersigned's prior employment is certainly not evidence of any bias in this proceeding.

Additionally, and setting aside the Court's complete disagreement with Plaintiff's characterization of the undersigned's efforts with respect to this action, a judicial ruling against a party does not, in and of itself, constitute a valid basis for a bias or partiality motion.  *See Liteky,* 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . .  Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal."); *Lipin v. Hunt*, No. 14-CV-1081, 2014 WL 12792361, at *1 (S.D.N.Y. Nov. 19, 2014) ("[A] judge ruling against a party does not mean that the judge has such a 'bias or prejudice' requiring recusal."); *Stantini v. United States*, 268 F. Supp. 2d 168, 179 (E.D.N.Y. 2003) ("The law in this Circuit is consistently and clearly announced to be that adverse rulings by a judge cannot per se create the appearance of bias under § 455(a)." (collecting cases)).  Thus, Plaintiff's disagreement with the Court's handling of this case, unaccompanied by any allegations or evidence of statements or actions exhibiting bias, does not provide a basis for recusal.  *See, e.g., Gottlieb v. U.S. Sec. & Exch. Comm'n*, 723 Fed. App'x 17, 19-20 (2d Cir. 2018) ("Other than dismissal of this case, Gottlieb does not suggest that Judge Preska made any statements or took any actions exhibiting bias; and the dismissal (as explained above) was clearly within Judge Preska's discretion."); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("[A]dverse rulings, without

more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.");

*Moskovits v. Moskovits*, 150 Fed. App'x 101, 102 (2d Cir. 2005) ("Plaintiffs have failed to

show a basis for recusal, as their allegations fail to demonstrate any deep-seated favoritism

or antagonism that would make fair judgment impossible, . . . as opposed to disagreement

with decisions made by Judge Daniels in his judicial role." (internal quotation marks and

citations omitted)); *Gottlieb v. S.E.C.*, No. 05-CV-2401, 2007 WL 646382, at *2-3 (S.D.N.Y.

Feb. 27, 2007) ("Plaintiff does not allege the Court's bias to stem from anything other than

the Court's participation in his case. Thus, he fails to establish grounds for the Court's

recusal. Accordingly, his motion for recusal is denied."), *aff'd*, 310 Fed. App'x 424 (2d Cir.

2009); *Hoatson v. New York Archdiocese*, No. 05-CV-10467, 2006 WL 3500633, at *2

(S.D.N.Y. Dec. 1, 2006) ("[R]ulings made during the course of a case are generally not

regarded as evidence of bias, even if they appear to disproportionately favor one side.");

*Locasio v. United States*, 372 F. Supp. 2d 304, 315 (E.D.N.Y. 2005) (same).[5]  Insofar as

Plaintiff believes that the Court erred in one or more of its prior rulings, he may appeal these

rulings at the conclusion of this proceeding.

     In short, Plaintiff has presented no grounds that require recusal.  The undersigned has

no personal bias against Plaintiff or interest in this litigation, and Plaintiff has failed to present

---

[5]  For the sake of clarity, the Court notes that it has not made any rulings in this case or *Malek III* with respect to the caption, and intends to rule, in due course, on Plaintiff's request to represent his daughter in this action in some capacity. *See* Dkt. No. 64.  In addition, this Court's statement that the Northern District of New York's Local Rules of Practice do not allow "piecemeal" filings was made following Plaintiff's submission, without leave, of an "addendum" to his response to one of the pending motions to dismiss. *See* Dkt. No. 122. Prior to this, Plaintiff filed two responses to one of the pending dispositive motions (the second without leave), two motions to disqualify the New York State Attorney General's Office from representing one of the named defendants, at least three motions for leave to supplement or amend his complaint, a "draft" proposed amended complaint, and replies (without leave of the Court) to non-dispositive motions. *See* Dkt. Nos. 31, 32, 33, 34, 44, 54, 59, 62, 63, 64, 76, 77, 78, 103.  The Court did not strike any of these filings.  Furthermore, the Court has every right to manage its docket and enforce the Local Rules of Practice for this District, and doing so does not in any way evidence bias, as Plaintiff suggests.

any objectively reliable facts that even suggest that the undersigned is or has been biased.

**III.**    **CONCLUSION**

    **WHEREFORE**, it is hereby

    **ORDERED** that Plaintiff's motion for recusal (Dkt. No. 130) is **DENIED**; and it is further

    **ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the

unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron*

*v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: <u>September 6, 2022</u>
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

7